William A. Munoz - 191649
(wmunoz@mpbf.com)
Heather A. Barnes - 263107
(hbarnes@mpbf.com)
MURPHY, PEARSON, BRADLEY & FEENEY
520 Capitol Mall, Suite 250
Sacramento, CA 95814
Telephone:   (916) 565-0300
Facsimile:   (916) 565-1636

Attorneys for Defendants
THE VOSS LAW FIRM, P.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>THE VOSS LAW FIRM, P.C.,<br><br>    Defendants. | Case No.: 34-2015-00187702<br><br>**DEFENDANT THE VOSS LAW FIRM P.C.'S NOTICE OF REMOVAL** |

Defendant The Voss Law Firm, P.C. ("Voss") hereby files this Notice of Removal in the above captioned matter, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332(a)(1), and states the following in support of this Notice of Removal:

1.     This action was originally filed in Sacramento County Superior Court, California, on or about December 10, 2015, entitled: *Sharon Wallace v. The Voss Law Firm P.C.,* Case Number 34-2015-00187702.

2.     In accordance with 28 U.S.C. § 1446(a), a copy of all documents filed in the Superior Court from which this case is removed, is attached hereto as **Exhibit 1**.

3.     Plaintiff is pro se in this matter. Plaintiff has not yet served Defendant Voss with the summons and complaint.

4.     Throughout the body of the Complaint (but not in the caption) Plaintiff Wallace

4.      Throughout the body of the Complaint (but not in the caption) Plaintiff Wallace identifies individual third parties Bill Voss, Scott Hunziger, and Shane Thompson [sic], Esq. Upon information and belief, in late February, on an indeterminate date, an unknown individual handed Messrs. Voss, Hunziger and Thompson envelopes containing the Summons and Complaint in this matter.

5.      It appears Plaintiff may have meant to name Messrs. Voss, Hunziger Thompson as individual defendants or potential defendants. Plaintiff actually identified these individuals as "Doe Defendants"; as "plaintiffs" who would not consent to this suit; and as parties to the subject contract. (Ex. 1, Compl., ¶¶ 1, 7; cf. 'Attachments B1 and B2', pp. 1-2, Counts I, II, II.) She does not actually list the individuals in the caption, nor in her handwritten complaint attachment. (*See* Ex. 1, Compl.) In any case, the individuals do not object to removal.

6.      Plaintiff Wallace asserts causes of action against the Voss firm for general negligence/legal malpractice and "failure to file a claim in a timely manner according to statutes of limitations. (Ex. 1, Compl., ¶ 10.) Plaintiff labels her claims in an attachment as follows: "Count One: Breach of Contract (The Voss Law Firm P.C.)", "Count Two: Legal Malpractice (Negligence), Breach of Fiduciary Duty (The Voss Law Firm P.C.)", and "Count Three" Falsifying Legal Documents and Forging Signatures and The Filing of Illegal Documents (The Voss Law Firm P.C.). (Ex. 1, Compl., 'Attachments B1 and B2', pp. 4-5.) Plaintiff's "counts" make no mention of claims against Messrs. Voss, Hunziger or Thompson, individually.

7.      Plaintiff Wallace claims to be a resident of Sacramento County, California. (Ex. 1, Compl., 'Attachments B1 and B2', ¶ 1.) Plaintiff admits that Defendant The Voss Law Firm is incorporated under the laws of the State of Texas and headquartered at 26619 Interstate 45, The Woodlands, Texas 77380. The Voss firm is not licensed to do business in California. (Ex. 1, Compl., 'Attachments B1 and B2', ¶ 1.) Messrs. Voss, Hunziger and Thompson are residents of Texas and are attorneys licensed to practice law in Texas.

8.      In the Complaint, Plaintiff Wallace identifies the amount in controversy as "$300,000 plus". Plaintiff additionally seeks punitive damages. (Ex. 1, Compl., ¶ 14.) Based upon the allegations contained in the Complaint and upon information and belief of the amount demanded by

Plaintiff, the amount in controversy exceeds the jurisdictional requirement of $75,000 for removal of actions based on diversity jurisdiction.

9. This Court has independent jurisdiction over this matter based upon diversity of citizenship, 28 U.S.C. § 1332(a). Therefore, this suit may be removed to this Court by these Defendants pursuant to the provisions of 28 U.S.C. § 1441.

10. This Notice is timely brought. Plaintiff has yet to personally serve The Voss firm with the Summons and Complaint. Plaintiff states in her "Attachment B1 and B2" that she believes that the firm can be served by mail. It is not clear, however, that Plaintiff ever attempted to make such service. Prior to filing this Notice of Removal, the undersigned counsel attempted to contact Plaintiff to obtain information regarding any service attempted or completed and the due date for a response, but Plaintiff has not responded. Upon information and belief, however, this Notice is being filed within thirty (30) days of receipt and service on The Voss firm of copy of the initial pleading setting forth the Plaintiffs' claims.

11. Removal venue is appropriate for purposes of removal because the Eastern District of California embraces that place where the State Court action is pending, Sacramento, California.

12. Contemporaneous with the filing of this Notice, Defendant will provide Plaintiff Wallace and the Superior Court of Sacramento County, California, written notice of this notice of removal.

Dated: March 29, 2016

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ William A. Munoz
   William A. Munoz
   Heather A. Barnes
   Attorneys for Defendant
   THE VOSS LAW FIRM, P.C.

# EXHIBIT "1"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE VOSS LAW FIRM P.C. and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHARON WALLACE, Individually

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
FILED
Superior Court Of California,
Sacramento
12/10/2015
emedina
By_____, Deputy
Case Number:
34-2015-00187702

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
GORDON D. SCHABER SACRAMENTO COUNTY COURTHOUSE
720 Ninth Street, SACRAMENTO, CA., 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE VOSS LAW FIRM P.C. DOES 1-50, 26619 INTERSTATE 45, THE WOODLANDS, TX 77380 # (713) 861-0015

DATE: 12/10/15                    Clerk, by  E. MEDINA   , Deputy
*(Fecha)*                         *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| SHARON WALLACE<br>9210 Big Horn Blvd., #201<br>Elk Grove, CA, 95758<br>TELEPHONE NO.: (916) 317-7872   FAX NO.:<br>ATTORNEY FOR (Name): Pro-Se | FILED<br>Superior Court Of California,<br>Sacramento<br>12/10/2015<br>emedina<br>By_____, Deputy<br>Case Number:<br>34-2015-00187704 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth Street<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Sacramento, CA., 95814<br>BRANCH NAME: CIVIL | |
| CASE NAME:<br>SHARON WALLACE vs. THE VOSS LAW FIRM P.C. and DOES 1-50 | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [✓] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [✓] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [✓] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/1/15

SHARON WALLACE
(TYPE OR PRINT NAME)

▶ Sharon Wallace
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| WALLACE vs. THE VOSS LAW FIRM P.C. and DOES 1-50 | 34-2015-00187702 |

## CAUSE OF ACTION—Breach of Contract

_____ (number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* SHARON WALLACE

alleges that on or about *(date):* JUNE 15, 2013
a ☑ written ☑ oral ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
THE VOSS LAW FIRM P.C. and DOES 1-50 (BILL VOSS, SCOTT HUNZIGER, SHANE THOMPSON

☐ A copy of the agreement is attached as Exhibit A, or
☑ The essential terms of the agreement ☑ are stated in Attachment BC-1 ☑ are as follows *(specify):*
SEE ATTACHMENTS (WRITTEN COMPLAINT)

BC-2. On or about *(dates):* APRIL 8, 2014
defendant breached the agreement by ☑ the acts specified in Attachment BC-2 ☐ the following acts
*(specify):*
SEE ATTACHMENTS (WRITTEN COMPLAINT)

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☑ as stated in Attachment BC-4 ☐ as follows *(specify):*

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☐ according to proof.

BC-6. ☑ Other:
COMPENSATION TO BE DETERMINED BY JURY AND PUNITIVE DAMAGES.

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

```
SHARON WALLACE- PRO-SE
9210 BIG HORN BLVD., #201
ELK GROVE, CALIFORNIA 95758
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| SHARON WALLACE | ) Case No. |
| Plaintiff, | ) |
| vs. | ) RE: ATTACHMENTS: B1 AND B2; |
| | ) LEGAL MALPRACTICE; (NEGLIGENCE); |
| THE VOSS LAW FIRM P.C., | ) FILING FRAUDULENT (FORGED DOCUMENTS); |
| | ) BRAECH OF FIDUCIARY DUTY |
| Defendants. | ) DEMANND FOR JURY TRIAL |
| DOES 1-50 | ) |

NOW COMES the Plaintiff, Sharon Wallace, Pro-Se, for her Original Complaint Against the Defendants, THE VOSS LAW FIRM P.C., alleging as follows:

PARTIES AND JURISDICTION

1. Plaintiff is an individual who resides in Sacramento, California 95758

2. Upon Plaintiff's information and belief, Defendants, THE VOSS LAW FIRM is a corporation incorporated under the laws of the state of Texas and headquartered at 26619 Interstate 45, The Woodlands, Texas 77380. At all times pertinent to this Complaint, Defendants was duly authorized to conduct business in the state of Texas (and with co-counsel in California, Stuart Law Group) and conducted business in the state of Texas and California (with co-

[ATTACHMENTS B1 and B2]- 1

1  counsel, Stuart Price Law Group, located at 15760 Ventura Blvd., #1100, Wells
2  Fargo Building, Encino, California 91436.

3     3. The matters alleged herein occurred supposedly in the County of
4  Sacramento, California. (Since The Voss Law Firm is located in TEXAS and the
5  Stuart Price Law Group is in Encino, California) the matters herein occurred
6  in both of these locations also.

7     4. Defendants may be served with process by U.S. mail service.

8     5. The amount in controversy, excluding costs and attorney fees, is in
9  excess of twenty-five thousand dollars ($25,000.00)

10    6. Jurisdiction and venue are proper with this court.

11                     FACTS COMMON TO THE COUNTS

12    7. Plaintiff incorporates paragraphs 1-6 as though fully set forth herein.
13.   8. Plaintiff owned the residential property located at 23 Thatcher Circle,
14 Sacramento, California.

15    9. Plaintiff entered into an insurance contract with Mercury Insurance
16 Headquartered at P.O. Box 4600, Rancho Cucamonga, Ca., 91729 to protect her
17 resident against fire. At all relevant times the property was insured by
18 Mercury Insurance Group.

19      On April 30, 2012 the home was destroyed by fire. Plaintiff was out of
20      town visiting relatives when the fire occurred.

21      Plaintiff duly notified her insurance adjuster of the damage and filed
22      an insurance claim with Mercury Insurance Group.

23      Mercury Insurance Group dispersed monies that is typical after a
24      mishap.

25      Without notice Mercury Insurance Group denied claim for reasons unknown

[ ] - 2

1  to Plaintiff.
2  Plaintiff hired THE VOSS LAW FIRM on June 15, 2013 to represent her in a
3  BREACH OF CONTRACT and a BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
4  DEALING (BAD FAITH) claim against Mercury Insurance Group.
5  Defendants had and owed a legal duty to Plaintiff to properly represent her
6  interest in regaining her monies for the replacement of the cost for repairs
7  for the damaged home and its contents.
8  Defendants had the duty to competently and completely handle law duties for
9  the duration of this law suit.
10 Defendants breached these duties owed to Plaintiff.
11 Defendant's breach was a direct and proximate cause of Plaintiff's damages.
12 In addition to economic losses, Plaintiff is still suffering emotional
13. distress.
14 Plaintiff's actions of purchasing Defendant's services are akin to all
15 consumers' actions and thus concern all consumers.
16 The requested relief is in the best interest of all consumers, and if the
17 requested relief is granted, Defendants will be discouraged from engaging in
18 fraudulent conduct similar to that alleged in this Complaint.
19 Defendant's actions were done negligently and in with reckless disregard to
20 the rights for the rights of the Plaintiff, thereby warranting substantial
21 punitive damages.

COUNT ONE: BREACH OF CONTRACT (THE VOSS LAW FIRM P.C.)

Plaintiff incorporates all of the before mentioned facts as though fully set forth herein.

Plaintiff entered into a valid, enforceable contract with Defendants to represent Plaintiff in this law suit by filing Complaint for Breach of Contract in a timely manner within the statutes of limitations allotted.

Defendants breached this contract by failing to file the Complaint on time.

As a direct and proximate consequence of Defendant's breach of this contract, plaintiff suffers extreme damages.

COUNT TWO: LEGAL MALPRACTICE (NEGLIGENCE)

BREACH OF FIDUCIARY DUTY (THE VOSS LAW FIRM P.C.)

Under California and Texas Laws, Law firms owe clients a duty of filing documents in a timely manner within the statutes of limitations.

Defendants had no clue as to the proper statute concerning this particular case. DEFENDANT FAILED TO FILE COMPLAINT ON TIME; MISSED FILING DATE;

Defendant's potential consequences of improperly handling of their mistakes are varied but were significant.

Defendants had an ethical obligation to keep Plaintiff "reasonably" informed about the status of the matter at hand but failed to do so.

Defendants took advantage of a second chance and try to avoid the temptations of either wallowing in self-pity over the mistake or sticking their heads in the sand in hopes that the problem will simply go away.

Defendants acted as if they were above the LAWS and the LAWS did not apply to them..

4

```
 1
 2  Defendants failed to negotiate with Plaintiff after Plaintiff notified The
 3  Voss Law Firm P.C. of their mistake and try to find a remedy to mistake. At
 4  the very least, by tackling the problem head-on, they could have avoided
 5  exacerbating the original mistake by not adding unethical violations
 6  unbecoming to a so-called "high-class", "Super Lawyer" law firm.
 7  Defendants mistakenly under-estimated the "VALIDITY" of the matter at hand.
 8
 9          COUNT THREE: FALSIFYING LEGAL DOCUMENTS AND FORGING SIGNATURES AND
10                      THE FILING OF ILLEGAL DOCUMENTS (THE VOSS LAW FIRM P.C.)
11  Defendants blatantly signed Plaintiff's signature to documents and filed
12  documents after the deadline, in the wrong venue without Plaintiff's
13  permission.
14  Forgery is a felony in all 50 states, except TEXAS…!
15                                  JURY DEMAND
16  Plaintiff hereby requests a trial by Jury in this action.
17
18                               RELIEF REQUESTED
19
20  WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant
21  the following relief:
22              A. General and special damages in an amount to be proven
23                 at trial;
24              B. Punitive damages in an amount to be proven at trial;
25              C. Such further relief as deemed just and reasonable.
```

- 5

1  RESPECTFULLY SUBMITTED THIS __1__ DAY OF ~~NOVEMBER~~ DEC. 2015...

2                                    SHARON WALLACE - PRO-SE

3

- 6

RECEIVED
CIVIL DROP BOX
2015 DEC 10 PM 2:50
SUPERIOR COURTHOUSE
GORDON D SCHABER
SACRAMENTO COUNTY

CERTIFICATE OF SERVICE

I, Crystal J. Roberts, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 520 Capitol Mall, Suite 250, Sacramento, CA 95814.

On March 29, 2016, I served the following document(s) on the parties in the within action in the following manner:

**DEFENDANT THE VOSS LAW FIRM P.C.'S NOTICE OF REMOVAL**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at on this date, addressed as follows: |
| X | **BY CERTIFIED MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with CERTIFIED MAIL, RETURN RECEIPT REQUESTED first class postage thereon fully prepaid, and deposited with the United States Postal Service at on this date, addressed as follows: |

Sharon Wallace                               Attorney For Plaintiff in Pro Per
9210 Big Horn Boulevard, Suite 210
Elk Grove, CA 95758

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on March 29, 2016.

By _____
Crystal J. Roberts