

SHARON WALLACE/JERRY RICHARDSON SR.
9210 BIG HORN BLVD., #201
ELK GROVE, CALIFORNIA 95758
(916)317-7872

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SHARON WALLACE/JERRY RICHARDSON SR.        ) Case No. 2:16-CV-00656-GEB-EFB PS
                                           )
            Plaintiffs,                    ) RE: (AMENDED)COMPLAINT; ATTACHMENTS:
                                           ) B1 AND B2;
    vs.                                    ) LEGAL MALPRACTICE; (NEGLIGENCE);
                                           ) FILING FRAUDULENT (FORGED DOCUMENTS);
THE VOSS LAW FIRM P.C., SCOTT              ) BREACH OF CONTRACT; BAD FAITH
                                           )
HUNZIGER;                                  )
                                           ) DEMAND FOR JURY TRIAL
            Defendants.                    )

(THIS COMPLAINT WAS ORIGINALLY FILED IN STATE COURT UNDER CASE NUMBER 34-2015-00187702) Defendants contends that they are out-of-state and the claim of damages is more than $75,000.00 (Diversity) which suggests that they filed a Notice for Removal, on March 29, 2016, removing this case from state court to federal court.

NOW COMES the Plaintiffs, Sharon Wallace/Jerry Richardson Sr., Pro-Se for this AMENDED ORIGINAL COMPLAINT against Defendants, The Voss Law Firm P.C., BILL VOSS; SCOTT HUNZIGER; SHANE THOMPSON files this AMENDED COMPLAINT alleging as follows:

[AMENDED COMPLAINT]- 1

## PARTIES AND JURISDICTION

1. Plaintiffs are individuals who reside in Elk Grove, CA., 95758.

2. Upon Plaintiffs' information and beliefs, Defendants, The Voss Law Firm is a Corporation incorporated under the laws of the state of Texas and headquartered at 26619 Interstate 45, The Woodlands, Texas 77380. At all times pertinent to this complaint, Defendants was duly authorized to conduct business in the state of Texas (with co-counsel) in California; Stuart Law Group, and conducted business in the state of Texas and California (with co-counsel), Stuart Price Law Group, located at 15760 Ventura Blvd., #1100, Wells Fargo Building, Encino, California 91436.

3. The matters alleged herein occurred in the County of Sacramento, California, The Voss Law Firm and the Stuart Price contracted in CONCERT to defend Plaintiffs. The Voss Law Firm is located in Texas and the Stuart Law Group is located in Encino California.

4. Defendants may be served with process by U.S. mail service.

5. The amount in controversy, excluding costs and attorney fees, is in excess of twenty-five thousand ($25,000.00) dollars.

6. Jurisdiction and venue are proper with this court.

## FACTS COMMON TO THE COUNTS

7. Plaintiffs incorporates paragraphs 1-6 as though fully set forth herein.

8. Plaintiffs owned the residential property located at 23 Thatcher Circle, Sacramento.

9. Plaintiffs entered into an insurance contract with Mercury Insurance headquartered at P.O, Box 4600, Rancho, Cucamonga, CA., 91729, to protect

1. their home against fire. At all relevant times their property was insured by Mercury Insurance Group.
2. On April 30, 2012 the home was destroyed by fire. Plaintiffs were out of town visiting relatives when the fire occurred.
3. Plaintiffs duly notified their insurance adjuster of the damages and filed an insurance claim with Mercury Insurance Group.
4. Mercury Insurance Group dispersed monies that are typical after a mishap.
5. Without any warning Mercury Insurance Group denied the fire claim for reasons unknown to Plaintiffs.
6. Plaintiffs hired The Voss Law Firm on June 15, 2013, to represent them in a Breach of Contract and The Covenant Of Good Faith And Fair Dealing (Bad Faith) claim against Mercury Insurance Group.
7. Defendants had the duty to competently and completely handle law duties for the duration of the law suit.
8. Defendants breached these duties owed to Plaintiffs.
9. Defendant's breach was a direct proximate cause of Plaintiff's damages.
10. In addition to economic losses, Plaintiffs are still suffering from emotional distress.
11. Plaintiff's actions of purchasing Defendant's services are akin to all consumer's actions and thus concern all consumers.
12. The requested relief is in the best interest of all consumers, and if the requested relief is granted, Defendants will be discouraged from engaging in fraudulent conduct similar to that alleged in this Complaint.

[AMENDED COMPLAINT]- 3

1 | Defendant's actions were done negligently and in with reckless disregard to
2 | the rights for the rights of the Plaintiffs, thereby warranting substantial
3 | punitive damages.

## COUNT ONE: BREACH OF CONTRACT

5 | Plaintiffs incorporates all of the before mentioned facts as though fully set
6 | forth herein.
7 | Plaintiffs entered into a valid, enforceable contract with Defendants to
8 | represent Plaintiffs in the law suit by filing a Complaint for breach of
9 | contract in a timely manner within the statutes of limitations allotted.
10 | Defendants breached the contract with Plaintiffs by failing to file the
11 | Complaint on time.
12 | As a direct and proximate consequence of Defendant's breach of this contract,
13 | plaintiffs suffer extreme damages.

## COUNT TWO: LEGAL MALPRACTICE (NEGLIGENCE)
## BREACH OF FIDUCIARY DUTY

16 | Under California and Texas laws, law firms owe their clients a duty of filing
17 | documents in a timely manner within the statutes of limitations.
18 | Defendants had no clue as to the proper statute concerning this particular
19 | case. DEFENDANTS FAILED TI FILE COMPLAINT ON TIME; MISSED FILING DEADLINE;
20 | Defendants potential consequences of improperly handling their mistakes are
21 | varied but were significant.
22 | Defendants had an ethical obligation to keep Plaintiffs "reasonably" informed
23 | about the status of the matter at hand but failed to do so.
24 | Defendants took advantage of a second chance.

Defendants failed to negotiate with Plaintiffs even after Plaintiffs notified Defendants of their mistakes. At the very least, they had a chance to soften the effect of the mistake if they had of tackled the problem head-on they could have avoided exacerbating the original mistake by not adding unethical violations unbecoming to a so-called "high class", "Super lawyer" law firm. Defendants mistakenly under-estimated the "validity" of the matter at hand.

COUNT THREE: FALSIFYING LEGAL DOCUMENTS AND FORGING SIGNATURES AND FILING OF ILLEGAL DOCUMENTS

Defendants blatantly signed Plaintiff's signatures to documents and filed documents after the deadline, IN THE WRONG VENUE WITHOUT PLAINTIFF'S PERMISSION. Forgery is a Felony in all states, except Texas…?

JURY DEMAND

PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY IN THIS ACTION.

RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant the following relief:

    A. general and special damages in an amount to be proven At trial;

    B. Punitive damages in an amount to be proven at trial;

    C. Such further relief as deemed just and reasonable.

RESPECTFULLY SUBMITTED THIS 14TH DAY OF APRIL 2016

SHARON WALLACE/JERRY RICHARDSON SR.

_____

[AMENDED COMPLAINT]- 5

SHARON WALLACE/JERRY RICHARDSON SR.
9210 BIG HORN BLVD., #201
ELK GROVE, CALIFORNIA 95758
(916)317-7872

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON WALLACE/JERRY RICHARDSON SR. | Case No. 2:16-CV-00656-GEB-EFB PS |
| Plaintiffs, | RE: (AMENDED)COMPLAINT; ATTACHMENTS: B1 AND B2; |
| vs. | LEGAL MALPRACTICE; (NEGLIGENCE); FILING FRAUDULENT (FORGED DOCUMENTS); |
| THE VOSS LAW FIRM P.C., SHANE THOMPSON; | BREACH OF CONTRACT; BAD FAITH |
| Defendants. | DEMAND FOR JURY TRIAL |

(THIS COMPLAINT WAS ORIGINALLY FILED IN STATE COURT UNDER CASE NUMBER 34-2015-00187702) Defendants contends that they are out-of-state and the claim of damages is more than $75,000.00 (Diversity) which suggests that they filed a Notice for Removal, on March 29, 2016, removing this case from state court to federal court.

NOW COMES the Plaintiffs, Sharon Wallace/Jerry Richardson Sr., Pro-Se for this AMENDED ORIGINAL COMPLAINT against Defendants, The Voss Law Firm P.C., BILL VOSS; SCOTT HUNZIGER; SHANE THOMPSON files this AMENDED COMPLAINT alleging as follows:

[AMENDED COMPLAINT]- 1

PARTIES AND JURISDICTION

1. Plaintiffs are individuals who reside in Elk Grove, CA., 95758.

2. Upon Plaintiffs' information and beliefs, Defendants, The Voss Law Firm is a Corporation incorporated under the laws of the state of Texas and headquartered at 26619 Interstate 45, The Woodlands, Texas 77380. At all times pertinent to this complaint, Defendants was duly authorized to conduct business in the state of Texas (with co-counsel) in California; Stuart Law Group, and conducted business in the state of Texas and California (with co-counsel), Stuart Price Law Group, located at 15760 Ventura Blvd., #1100, Wells Fargo Building, Encino, California 91436.

3. The matters alleged herein occurred in the County of Sacramento, California, The Voss Law Firm and the Stuart Price contracted in CONCERT to defend Plaintiffs. The Voss Law Firm is located in Texas and the Stuart Law Group is located in Encino California.

4. Defendants may be served with process by U.S. mail service.

5. The amount in controversy, excluding costs and attorney fees, is in excess of twenty-five thousand ($25,000.00) dollars.

6. Jurisdiction and venue are proper with this court.

FACTS COMMON TO THE COUNTS

7. Plaintiffs incorporates paragraphs 1-6 as though fully set forth herein.

8. Plaintiffs owned the residential property located at 23 Thatcher Circle, Sacramento.

9. Plaintiffs entered into an insurance contract with Mercury Insurance headquartered at P.O, Box 4600, Rancho, Cucamonga, CA., 91729, to protect

[AMENDED COMPLAINT]- 2

1. their home against fire. At all relevant times their property was insured by
2. Mercury Insurance Group.
3. On April 30, 2012 the home was destroyed by fire. Plaintiffs were out of town
4. visiting relatives when the fire occurred.
5. Plaintiffs duly notified their insurance adjuster of the damages and filed an
6. insurance claim with Mercury Insurance Group.
7. Mercury Insurance Group dispersed monies that are typical after a mishap.
8. Without any warning Mercury Insurance Group denied the fire claim for reasons
9. unknown to Plaintiffs.
10. Plaintiffs hired The Voss Law Firm on June 15, 2013, to represent them in a
11. Breach of Contract and The Covenant Of Good Faith And Fair Dealing (Bad
12. Faith) claim against Mercury Insurance Group.
13. Defendants had the duty to competently and completely handle law duties for
14. the duration of the law suit.
15. Defendants breached these duties owed to Plaintiffs.
16. Defendant's breach was a direct proximate cause of Plaintiff's damages.
17. In addition to economic losses, Plaintiffs are still suffering from emotional
18. distress.
19. Plaintiff's actions of purchasing Defendant's services are akin to all
20. consumer's actions and thus concern all consumers.
21. The requested relief is in the best interest of all consumers, and if the
22. requested relief is granted, Defendants will be discouraged from engaging in
23. fraudulent conduct similar to that alleged in this Complaint.
24.
25.

[AMENDED COMPLAINT]- 3

Defendant's actions were done negligently and in with reckless disregard to the rights for the rights of the Plaintiffs, thereby warranting substantial punitive damages.

## COUNT ONE: BREACH OF CONTRACT

Plaintiffs incorporates all of the before mentioned facts as though fully set forth herein.

Plaintiffs entered into a valid, enforceable contract with Defendants to represent Plaintiffs in the law suit by filing a Complaint for breach of contract in a timely manner within the statutes of limitations allotted.

Defendants breached the contract with Plaintiffs by failing to file the Complaint on time.

As a direct and proximate consequence of Defendant's breach of this contract, plaintiffs suffer extreme damages.

## COUNT TWO: LEGAL MALPRACTICE (NEGLIGENCE)
## BREACH OF FIDUCIARY DUTY

Under California and Texas laws, law firms owe their clients a duty of filing documents in a timely manner within the statutes of limitations.

Defendants had no clue as to the proper statute concerning this particular case. DEFENDANTS FAILED TI FILE COMPLAINT ON TIME; MISSED FILING DEADLINE;

Defendants potential consequences of improperly handling their mistakes are varied but were significant.

Defendants had an ethical obligation to keep Plaintiffs "reasonably" informed about the status of the matter at hand but failed to do so.

Defendants took advantage of a second chance.

[AMENDED COMPLAINT]- 4

1 Defendants failed to negotiate with Plaintiffs even after Plaintiffs notified
2 Defendants of their mistakes. At the very least, they had a chance to soften
3 the effect of the mistake if they had of tackled the problem head-on they
4 could have avoided exacerbating the original mistake by not adding unethical
5 violations unbecoming to a so-called "high class", "Super lawyer" law firm.
6 Defendants mistakenly under-estimated the "validity" of the matter at hand.

COUNT THREE: FALSIFYING LEGAL DOCUMENTS AND FORGING SIGNATURES AND FILING OF ILLEGAL DOCUMENTS

Defendants blatantly signed Plaintiff's signatures to documents and filed documents after the deadline, IN THE WRONG VENUE WITHOUT PLAINTIFF'S PERMISSION. Forgery is a Felony in all states, except Texas…?

JURY DEMAND

PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY IN THIS ACTION.

RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant the following relief:

    A. general and special damages in an amount to be proven At trial;

    B. Punitive damages in an amount to be proven at trial;

    C. Such further relief as deemed just and reasonable.

RESPECTFULLY SUBMITTED THIS 14TH DAY OF APRIL 2016

SHARON WALLACE/JERRY RICHARDSON SR.

[AMENDED COMPLAINT]- 5

SHARON WALLACE/JERRY RICHARDSON SR.
9210 BIG HORN BLVD., #201
ELK GROVE, CALIFORNIA 95758
(916)317-7872

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SHARON WALLACE/JERRY RICHARDSON SR.  ) Case No. 2:16-CV-00656-GEB-EFB PS
                                     )
          Plaintiffs,                ) RE: (AMENDED)COMPLAINT; ATTACHMENTS:
                                     ) B1 AND B2;
     vs.                             ) LEGAL MALPRACTICE; (NEGLIGENCE);
                                     ) FILING FRAUDULENT (FORGED DOCUMENTS);
THE VOSS LAW FIRM P.C., BILL VOSS;   ) BREACH OF CONTRACT; BAD FAITH
                                     )
          Defendants.                ) DEMAND FOR JURY TRIAL
                                     )

(THIS COMPLAINT WAS ORIGINALLY FILED IN STATE COURT UNDER CASE NUMBER 34-2015-00187702) Defendants contends that they are out-of-state and the claim of damages is more than $75,000.00 (Diversity) which suggests that they filed a Notice for Removal, on March 29, 2016, removing this case from state court to federal court.

NOW COMES the Plaintiffs, Sharon Wallace/Jerry Richardson Sr., Pro-Se for this AMENDED ORIGINAL COMPLAINT against Defendants, The Voss Law Firm P.C., BILL VOSS; SCOTT HUNZIGER; SHANE THOMPSON files this AMENDED COMPLAINT alleging as follows:

[AMENDED COMPLAINT]- 1

## PARTIES AND JURISDICTION

1. Plaintiffs are individuals who reside in Elk Grove, CA., 95758.

2. Upon Plaintiffs' information and beliefs, Defendants, The Voss Law Firm is a Corporation incorporated under the laws of the state of Texas and headquartered at 26619 Interstate 45, The Woodlands, Texas 77380. At all times pertinent to this complaint, Defendants was duly authorized to conduct business in the state of Texas (with co-counsel) in California; Stuart Law Group, and conducted business in the state of Texas and California (with co-counsel), Stuart Price Law Group, located at 15760 Ventura Blvd., #1100, Wells Fargo Building, Encino, California 91436.

3. The matters alleged herein occurred in the County of Sacramento, California, The Voss Law Firm and the Stuart Price contracted in CONCERT to defend Plaintiffs. The Voss Law Firm is located in Texas and the Stuart Law Group is located in Encino California.

4. Defendants may be served with process by U.S. mail service.

5. The amount in controversy, excluding costs and attorney fees, is in excess of twenty-five thousand ($25,000.00) dollars.

6. Jurisdiction and venue are proper with this court.

## FACTS COMMON TO THE COUNTS

7. Plaintiffs incorporates paragraphs 1-6 as though fully set forth herein.

8. Plaintiffs owned the residential property located at 23 Thatcher Circle, Sacramento.

9. Plaintiffs entered into an insurance contract with Mercury Insurance headquartered at P.O, Box 4600, Rancho, Cucamonga, CA., 91729, to protect

1  their home against fire. At all relevant times their property was insured by
2  Mercury Insurance Group.
3  On April 30, 2012 the home was destroyed by fire. Plaintiffs were out of town
4  visiting relatives when the fire occurred.
5  Plaintiffs duly notified their insurance adjuster of the damages and filed an
6  insurance claim with Mercury Insurance Group.
7  Mercury Insurance Group dispersed monies that are typical after a mishap.
8  Without any warning Mercury Insurance Group denied the fire claim for reasons
9  unknown to Plaintiffs.
10 Plaintiffs hired The Voss Law Firm on June 15, 2013, to represent them in a
11 Breach of Contract and The Covenant Of Good Faith And Fair Dealing (Bad
12 Faith) claim against Mercury Insurance Group.
13 Defendants had the duty to competently and completely handle law duties for
14 the duration of the law suit.
15 Defendants breached these duties owed to Plaintiffs.
16 Defendant's breach was a direct proximate cause of Plaintiff's damages.
17 In addition to economic losses, Plaintiffs are still suffering from emotional
18 distress.
19 Plaintiff's actions of purchasing Defendant's services are akin to all
20 consumer's actions and thus concern all consumers.
21 The requested relief is in the best interest of all consumers, and if the
22 requested relief is granted, Defendants will be discouraged from engaging in
23 fraudulent conduct similar to that alleged in this Complaint.
24
25

1  Defendant's actions were done negligently and in with reckless disregard to
2  the rights for the rights of the Plaintiffs, thereby warranting substantial
3  punitive damages.

COUNT ONE: BREACH OF CONTRACT

5  Plaintiffs incorporates all of the before mentioned facts as though fully set
6  forth herein.
7  Plaintiffs entered into a valid, enforceable contract with Defendants to
8  represent Plaintiffs in the law suit by filing a Complaint for breach of
9  contract in a timely manner within the statutes of limitations allotted.
10 Defendants breached the contract with Plaintiffs by failing to file the
11 Complaint on time.
12 As a direct and proximate consequence of Defendant's breach of this contract,
13 plaintiffs suffer extreme damages.

COUNT TWO: LEGAL MALPRACTICE (NEGLIGENCE)

BREACH OF FIDUCIARY DUTY

16 Under California and Texas laws, law firms owe their clients a duty of filing
17 documents in a timely manner within the statutes of limitations.
18 Defendants had no clue as to the proper statute concerning this particular
19 case. DEFENDANTS FAILED TI FILE COMPLAINT ON TIME; MISSED FILING DEADLINE;
20 Defendants potential consequences of improperly handling their mistakes are
21 varied but were significant.
22 Defendants had an ethical obligation to keep Plaintiffs "reasonably" informed
23 about the status of the matter at hand but failed to do so.
24 Defendants took advantage of a second chance.

[AMENDED COMPLAINT]- 4

Defendants failed to negotiate with Plaintiffs even after Plaintiffs notified Defendants of their mistakes. At the very least, they had a chance to soften the effect of the mistake if they had of tackled the problem head-on they could have avoided exacerbating the original mistake by not adding unethical violations unbecoming to a so-called "high class", "Super lawyer" law firm. Defendants mistakenly under-estimated the "validity" of the matter at hand.

COUNT THREE: FALSIFYING LEGAL DOCUMENTS AND FORGING SIGNATURES AND FILING OF ILLEGAL DOCUMENTS

Defendants blatantly signed Plaintiff's signatures to documents and filed documents after the deadline, IN THE WRONG VENUE WITHOUT PLAINTIFF'S PERMISSION. Forgery is a Felony in all states, except Texas…?

JURY DEMAND

PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY IN THIS ACTION.

RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant the following relief:

    A. general and special damages in an amount to be proven At trial;

    B. Punitive damages in an amount to be proven at trial;

    C. Such further relief as deemed just and reasonable.

RESPECTFULLY SUBMITTED THIS 14TH DAY OF APRIL 2016

SHARON WALLACE/JERRY RICHARDSON SR.

_____

[AMENDED COMPLAINT]- 5