1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 SHARON WALLACE, et al.,

No.  2:16-cv-656-GEB-EFB PS

12 Plaintiffs,

13 v.

FINDINGS AND RECOMMENDATIONS

14 THE VOSS LAW FIRM, P.C., et al.,

15 Defendants.

16

17        This case was before the court for hearing on July 20, 2016, on defendants The Voss Law

18 Firm, P.C., Scott Hunziker, and Bill Voss's motions to dismiss for lack of personal jurisdiction

19 pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss for failure to state a claim

20 pursuant to Rule 12(b)(6), to strike plaintiff's request for punitive damages pursuant to Rule

21 12(f), and, alternatively, to transfer venue to the Southern District of Texas.[1]  ECF Nos. 9, 28.

22 Attorney William Munoz appeared on behalf of defendants; plaintiffs Sharon Wallace and Jerry

23 Richardson appeared pro se.[2]  For the following reasons, it is recommended that defendants'

24 ⎯⎯⎯⎯⎯⎯⎯⎯⎯

25        [1]  This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant
to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

26

27        [2]  The Voss Law Firm's motion was originally before the court for hearing on June 8,
2016.  However, plaintiff Sharon Wallace failed to appear due to illness.  Also, at the hearing
counsel for the Voss Law Firm indicated that he would be filing a motion on behalf of defendants

28 Scott Hunziker, and Bill Voss.  Accordingly, the court continued the hearing on the Voss Law

1

1  motions to dismiss for lack of personal jurisdiction be denied, their motion to dismiss for failure

2  to state a claim be granted, and the remaining motions be denied as moot.

3  I.    Background

4         Plaintiff Sharon Wallace initiated this action against defendant The Voss Law Firm, P.C.

5  in the Sacramento Superior Court on December 10, 2015.  ECF No. 1 at 6.  The firm removed this

6  matter to this court on March 29, 2016, based on diversity jurisdiction.  ECF No. 1.  On April 18,

7  2016, plaintiff filed a first amended complaint, naming The Voss Law Firm, Bill Voss, Scott

8  Hunziger, and Shane Thompson[3] as defendants.  ECF No. 5.  The complaint also added Jerry

9  Richardson, Ms. Wallace's husband, as a plaintiff.

10        The amended complaint alleges that plaintiffs owned residential property located at 23

11  Thatcher Circle, Sacramento.  ECF No. 5 at 2.  Plaintiffs had a fire insurance policy covering the

12  home with Mercury Insurance Group ("Mercury").  *Id*. at 2-3.  On April 30, 2012, while plaintiffs

13  were out of town, a fire destroyed their home.  *Id*. at 3.  Plaintiffs submitted a claim on the policy,

14  but Mercury denied the claim.  *Id*. at 3.  Plaintiffs subsequently hired The Voss Law Firm to

15  represent them in a civil suit against Mercury.  *Id*.  Plaintiffs contend that The Voss Law Firm and

16  attorneys Voss and Hunziger, who both worked at the firm, breached the fiduciary duty they

17  owed to plaintiffs by failing to file a complaint within the applicable statute of limitations.  *Id*. at

18  4.  They further allege that defendants "blatantly signed Plaintiff's [sic] signatures to documents

19  and filed documents after the deadline, IN THE WRONG VENUE WITHOUT PLAINTIFF'S

20  [sic] PERMISSION."  *Id*. at 5.  The first amended complaint purports to allege three causes of

21  action, styled as (1) breach of contract, (2) legal malpractice (negligence) breach of fiduciary

22  duty, and (3) falsifying legal documents and forging signatures and filling of illegal documents.

23  ECF No. 5.

24  /////

25  _____

26  Firm's motion to July 20, 2016, to allow the motions from all defendants to be heard together and
    at a time when Ms. Wallace could be present.

27

28        [3]  Plaintiffs request that defendant Shane Thompson, who has not made an appearance, be
    dismissed from this action.  ECF No. 29.  It is recommended that the request be granted.

1    II.    Rule 12(b)(2) Motion

2           A.    Standard

3           When a defendant challenges the sufficiency of personal jurisdiction under Rule 12(b)(2),

4    the plaintiff bears the burden of establishing that the exercise of jurisdiction is proper.  *Sinatra v.*

5    *Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1194 (9th Cir. 1988).  When, as here, the court acts on the

6    motion without conducting an evidentiary hearing, plaintiff's burden is light: "the plaintiff need

7    only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"

8    *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  The

9    uncontroverted allegations in the complaint are taken as true, and factual disputes are resolved in

10   the plaintiff's favor.  *Id.*

11          California's long-arm statute, California Civil Procedure Code section 410.10, authorizes

12   the court to exercise personal jurisdiction to the extent permitted by federal due process.  *Id.* at

13   1074.  For a court to exercise personal jurisdiction over a nonresident defendant consistent with

14   due process, that defendant must have "certain minimum contacts . . . such that the maintenance

15   of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Calder v.*

16   *Jones*, 465 U.S. 783, 788 (1984); *CollegeSource*, 653 F.3d at 1074.  If the nonresident

17   defendant's contacts with the state are not sufficiently continuous or systematic to give rise to

18   "general personal jurisdiction," the defendant may still be subject to "specific personal

19   jurisdiction" on claims arising out of defendant's contacts with the forum state.  *Burger King*

20   *Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985); *Haisten v. Grass Valley Med. Reimbursement*

21   *Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).  Specifically, a "nonresident defendant's

22   discrete, isolated contacts with the forum" will support "specific jurisdiction" over that defendant

23   "on a cause of action arising directly out of its forum contacts."  *CollegeSource*, 653 F.3d at 1076.

24   Whether specific jurisdiction exists is determined by a three-pronged test:

25                 (1) The non-resident defendant must purposefully direct his
                   activities or consummate some transaction with the forum or
26                 resident thereof; or perform some act by which he purposefully
                   avails himself of the privilege of conducting activities in the forum,
27                 thereby invoking the benefits and protections of its laws; (2) the
                   claim must be one which arises out of or relates to the defendant's
28

3

1
2

> forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

3   *Id*. (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

4   Plaintiff bears the burden of satisfying the first two prongs.  *Id*.  If plaintiff does so, the burden

5   then shifts to defendant "to set forth a 'compelling case' that the exercise of jurisdiction would

6   not be reasonable."  *Id*.  (quoting *Burger King*, 471 U.S. at 476-78).

7        B.     Discussion

8        Relying on *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), defendants argue that there is

9   insufficient contacts with this forum to permit this court to exercise personal jurisdiction.  ECF

10  No. 11 at 10-12; ECF No. 23 at 12-14.[4]  In *Sher*, the U.S. Court of Appeals for the Ninth Circuit

11  evaluated whether a Florida law firm and its individual partners had sufficient minimum contacts

12  with California based on their representation of a California resident in a criminal proceeding

13  conducted in Florida.  Sher was arrested in California in connection with criminal charges

14  brought against him in Florida.  *Sher*, 911 F.2d at 1360.  He traveled to Florida and hired a

15  Florida law firm to defend him in the criminal proceedings.  *Id*.  The firm mailed to California its

16  retainer agreement and bills for its representation.  *Id*.  It also placed calls to California and its

17  attorneys made three trips to California to meet with Sher regarding his case.  *Id*.  Sher and his

18  wife also gave the firm a promissory note and deed of trust secured by their California home to

19  ensure payment of fees.  *Id*.

20       Sher was eventually convicted.  However, his sentence was reversed on appeal because

21  the same U.S. Attorney's Office that was prosecuting him was also investigating one of his

22  attorneys for violations of the Hobbs Act.  *Id*.  After his conviction was reversed, he brought suit

23  in the United States District Court for the Central District of California for legal malpractice

24  against the firm and the individual partners that represented him in the Florida criminal

25  proceedings.

26

27       [4] The arguments raised in defendants Hunziker and Voss's motion are nearly identical to the arguments raised by The Voss Law Firm in its motion.  *Compare* ECF No. 11 and ECF No.

28  23.

The district court dismissed the case for lack of personal jurisdiction. *Id*. On appeal, the Ninth Circuit affirmed in part and reversed in part. Specifically, the Ninth Circuit concluded that the district court lacked personal jurisdiction over the individual partners, but maintained jurisdiction over the law firm. In assessing purposeful availment, the court observed that the underlying facts involved a Florida law firm representing a California client in a criminal proceeding in Florida, and that as "normal incidents of this representation the [firm] accepted payment from a California bank, made phone calls and sent letter to California." *Id*. at 1362. The court determined that these "contacts, by themselves, do not establish purposeful availment; this is not the deliberate creation of a 'substantial connection' with California, nor is it the promotion of business within California." *Id*. The court found it significant that the business promoted by the firm "was legal representation in Florida, not California," and that the firm "did not solicit Sher's business in California; Sher came to the firm in Florida." *Id*. Accordingly, the court concluded that there was "no 'substantial connection' with California because neither the partnership nor any of its partners undertook any affirmative action to promote business within California." *Id*.

The court also found that the three trips to California were "too attenuated to create a 'sustained connection with California," as they "were discrete events arising out of a case centered entirely in Florida; they appear to have been little more than a convenience to the client, who would otherwise have had to travel to Florida." *Id*. at 1363.

However, when considering the deed of trust granted to the law firm to secure payment, the Ninth Circuit determined that the firm's contacts with California were sufficient for personal jurisdiction. The court stated:

> By requiring the execution of a deed to California real estate, the partnership was looking to the laws of California to secure its right to payment under its contract with Sher. The execution of the deed contemplated significant future consequences in California: perfection of the partnership's security interest would require filing in the California recorder's office; judgment on the deed would require the application of California law; enforcement of such a judgment would require the action of a California court.

*Id*. As the deed of trust was executed in favor of the firm, the court found that there was personal

1    jurisdiction over the firm, but not the individual defendants.  *Id.*

2         Defendants argue that *Sher* dictates a finding that this court lacks personal jurisdiction.

3    According to defendants, there was only a handful of letters and telephone calls to Wallace, and

4    neither the firm nor any of its attorneys came to California to meet with plaintiffs.  *Id.*  ECF No.

5    11 at 11.  Although the firm contemplated filing suit in California, it did not appear in any of the

6    state court actions filed by Wallace or Richardson.  *Id.*  Accordingly, defendants contends that its

7    "out-of-state representation does not establish purposeful availment of the privilege of conducting

8    activities in the former state where the law firm is solicited in its home state and takes no

9    affirmative actions to promote business within the forum state."  *Id.* (quoting *Sher*, 911 F.2d at

10   1363).

11        Defendants' argument overlooks a significant distinction between the instant case and

12   *Sher*.  Unlike the firm and its attorneys in *Sher*, defendants sought to conduct business in

13   California.  According to the first amended complaint, after plaintiffs' insurance claim was

14   denied, they hired defendants "to represent them in a "Breach of Contract and The Covenant of

15   Good Faith and Fair Dealing (Bad Faith) claim against Mercury Insurance Group."  ECF No. 5 at

16   8.  Although the complaint does not explicitly allege that defendants were hired to represent

17   plaintiffs in a California lawsuit, all the facts in the complaint point to that conclusion.  The

18   complaint alleges that plaintiffs reside in Elk Grove, California; that the subject property that was

19   destroyed by a fire was located in Sacramento, California; and that Mercury Insurance is

20   headquarter in Cucamonga, California.  Defendants are the only connection with Texas.

21        Unlike *Sher*, defendants were not solicited by plaintiff to provide representation in their

22   home state, *i.e.*, Texas.  Instead, the complaint indicates that defendants were retained to provide

23   legal representation in California.  By seeking to provide legal counsel in the forum state,

24   defendants purposefully availed themselves of the "privilege of conducting activities within

25   [California], thus invoking the benefits and protections of its laws."  *Burger King*, 471 U.S. at

26   475.

27        Defendants Hunziker and Voss argue, however, that exercising personal jurisdiction over

28   them would be inappropriate because they had limited involvement in the underlying case.  ECF

6

No. 23 at 13-14.  Mr. Voss represents that he never spoke to plaintiffs, much less provided any legal advice to them.  Declaration of Bill Voss (ECF No. 26) ¶ 4.  As for Mr. Hunziker, he declares that Ms. Wallace's case was assigned to attorney Shane Thompson, who is no longer with the firm.  Declaration of Scott Hunziker (ECF No. 25) ¶ 5.  He further states that he does not recall communicating with either plaintiff until after Ms. Wallace terminated the firm's representation and threated to sue.  *Id*. ¶ 6.  Mr. Hunziker was, however, involved in the discussions with plaintiff after the attorney-client relationship ended.  *Id*. ¶ 9.  Essentially, these defendants are arguing that they did not direct any activities towards California, and therefore they did not purposefully avail themselves of the privilege of conducting activities in the state.

The allegations in the first amended complaint suggest otherwise.  The complaint alleges that plaintiffs hired the Voss Law Firm to represent them.  ECF No. 5 at 3.  It further alleges that *defendants* breached the fiduciary duties they owed to plaintiffs by failing to file a complaint within the applicable statute of limitations.  *Id*. at 4.  Plaintiffs further allege that *defendants* "blatantly signed Plaintiff's [sic] signatures to documents and filed documents after the deadline . . . ."  *Id*. at 5.

As previously observed, when the court acts on a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, plaintiffs' burden of establishing jurisdiction is minimal: "the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  *CollegeSource*, 653 F.3d at 1073.  Taking the allegations as true, and construing them in the light most favorable to plaintiffs, the court finds that plaintiffs have satisfied their burden of establishing purposeful availment.  Plaintiffs allege that all named defendants provided legal representation, and that the representation was to occur in California.  Accordingly, defendants purposefully directed activity at California, thereby availing themselves of the privilege of conducting activities in the forum state.

Furthermore, plaintiffs' claims arise out of defendants' forum-related activities.  Specifically, plaintiffs allege that defendants agreed to represent them in California and their claims are predicated on defendants' alleged failure to timely file a complaint on their behalf in

/////

1  California.  Lastly, defendants have failed to demonstrate that the exercise of jurisdiction would
2  be unreasonable.  Accordingly, defendants are subject to specific jurisdiction in California.[5]

3  III.      Rule 12(b)(6) Motion

4       Defendants also move to dismiss pursuant to Rule 12(b)(6) for failure to state a claim,
5  arguing, among other things, that all claims are barred by the applicable statute of limitations.
6  ECF No. 11 at 13-15; ECF No. 23 at 15-17.

7       A.      Standard

8       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint
9  must contain more than a "formulaic recitation of the elements of a cause of action"; it must
10  contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*
11  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more
12  . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of
13  action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-
14  236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to
15  'state a claim to relief that is plausible on its face.'"  *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)
16  (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads factual
17  content that allows the court to draw the reasonable inference that the defendant is liable for the
18  misconduct alleged." *Id.*  Dismissal is appropriate based either on the lack of cognizable legal
19  theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v.*
20  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

21       In considering a Rule 12 (b)(6) motion, the court must accept as true the allegations of the
22  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe
23  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in
24  the pleader's favor.  *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869
25  (1969).  The court will "presume that general allegations embrace those specific facts that are
26  /////

27  _____

28       [5]  As specific jurisdiction is established, the court need not address whether there is
general jurisdiction over defendants.

8

1   necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

2   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

3          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4   *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

5   1985).  The Ninth Circuit has held that the less stringent standard for pro se parties is now higher

6   in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally.

7   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, the court's liberal interpretation of

8   a pro se litigant's pleading may not supply essential elements of a claim that are not pled.  *Pena v.*

9   *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

10  266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions

11  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

12  facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither

13  need the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining*

14  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

15         Although the court confines its review to the text of the complaint itself in deciding a Rule

16  12(b)(6) motion, the court may consider facts established by exhibits attached to the complaint.

17  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider

18  facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.

19  1987), and matters of public record, including pleadings, orders, and other papers filed with the

20  court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

21         B.     Discussion

22         As confirmed by plaintiffs at the hearing, each of their claims are based on legal

23  malpractice arising out of defendants' failure to timely file a lawsuit in state court against

24  Mercury.

25         California Code of Civil Procedure § 340.6, subdivision (a) provides that an "action

26  against an attorney for a wrongful act or omission, other than for actual fraud, arising in the

27  performance of professional services shall be commenced within one year after the plaintiff

28  discovers, or through the use of reasonable diligence should have discovered, the facts

1   constituting the wrongful act or omission . . . ."  This section "applies to a claim when the merits

2   of the claim will necessarily depend on proof that an attorney violated a professional obligation—

3   that is, an obligation that the attorney has by virtue of being an attorney—in the course of

4   providing professional services."  *Lee v. Hanley*, 61 Cal. 4th 1225, 1229 (2015).  Accordingly,

5   "claims brought more than one year after the plaintiff discovers or through reasonable diligence

6   should have discovered the facts underlying the claim are time-barred by section 340.6(a) unless

7   the plaintiff alleges actual fraud."  *Id.*

8          Plaintiffs' complaint alleges that defendants failed to timely file an action for breach of

9   contract against Mercury related to the denial of plaintiffs' insurance claim.  ECF No. 5 at 3-5.

10   Plaintiffs also allege that defendants "blatantly signed Plaintiff's [sic] signatures to documents

11   and filed documents after the deadline, IN THE WRONG VENUE WITHOUT PLAINTIFF'S

12   [sic] PERMISSION."  *Id.* at 5.  Plaintiffs' claims arise from defendants' professional

13   representation and therefore fall within the scope of section 340.6.

14          In her original form complaint filed in state court, plaintiff Wallace alleged that

15   defendants' breached the contract on or about April 8, 2014.  ECF No. 1 at 7.  Furthermore,

16   judicially noticeable documents demonstrate that on May 21, 2014, plaintiff, through new

17   counsel, filed a complaint against Mercury for breach of the insurance agreement.  Declaration of

18   William Munoz (ECF No. 11) Ex. 6.[6]  However, plaintiff, through counsel, requested that the

19   action be dismissed, which occurred on November 20, 2014.  *Id.* Ex. 7.  A letter from counsel

20   representing plaintiff in the state court action, which plaintiff submitted at the July 20 hearing,

21   confirms that the action against Mercury was dismissed because it was untimely filed.  ECF No.

22   33.  Plaintiffs' claims in this case are all based on their contention that defendants failed to timely

23   file the state court action against Mercury.  Plaintiffs, with the exercise of reasonable diligence,

24   should have had notice of the facts giving raise to their claims no later than November 20, 2014,

25   when Ms. Wallace sought dismissal of her complaint against Mercury.  Plaintiffs, however, did

26

27          [6]  Defendants' request for judicial notice of state court documents is granted.  *See* Fed. R.
    Evid. 201; *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (stating that a court
28   may take judicial notice of court records in another case).

1   not initiate this action until December 10, 2015, more than a year later.  ECF No. 1 at 5.

2   Accordingly, their claims are untimely under § 340.6 and must be dismissed.[7]  Furthermore, it is

3   clear that this defect cannot be cured by amendment to the complaint.

4   IV.    Conclusion

5          Accordingly, it is by RECOMMENDED that:

6          1.  Defendants' motions to dismiss for lack of personal jurisdiction (ECF Nos. 9, 28) be

7   denied;

8          2.  Defendants' motions to dismiss pursuant to Rule 12(b)(2) (ECF Nos. 9, 28) be granted;

9          3.  Plaintiffs' complaint be dismissed without leave to amend;

10         4.  Defendants' motion to strike and change venue be denied as moot; and

11         5.  The Clerk be directed to close this case.

12         These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

18  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:  March 2, 2017.

20                                  EDMUND F. BRENNAN
21                                  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

---

[7]  As plaintiffs' claims must be dismissed as untimely, defendants' alternative motions to
28  strike and transfer venue are moot.